Filed 10/13/23  Buchheim v. Anaya CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| MARK BUCHHEIM et al.,<br><br>Plaintiffs and Appellants,<br><br>v.<br><br>GUSTAVE ANAYA et al.,<br><br>Defendants and Respondents. | B312307<br><br>Los Angeles County<br>Super. Ct. No.<br>19STCV04540 |

APPEAL from a judgment of the Superior Court of Los Angeles County, Steven J. Kleifield, Judge.  Affirmed.

Bradley Bernstein Sands and Erin Bernstein for Plaintiffs and Appellants.

Law Offices of Adam C. Rapaport, Adam C. Rapaport; Benedon & Serlin, Gerald M. Serlin and Wendy S. Albers for Defendants and Respondents.

_____

Some investors and remodelers flipped homes together. The relationship soured and the investors sued.  The trial court

granted summary judgment for the remodelers. The investors' opening appellate brief does not cite evidence of a disputed fact. We affirm.

The parties are individuals and their companies. The investors are Mark Buchheim, Tatjana Luethi, and their company, Prima Impresa, LLC. The remodelers are Gustave Anaya, Olivia Anaya Valenzuela, Maria Anaya Taglioli, and their company, United Home Buyers of America, Inc.

The investors and remodelers started working together 15 years ago. The investors would lend money to purchase homes, the remodelers would remodel and sell the homes, and the investors would receive their money back with interest.

This case involves a project in which the investors loaned money, the remodelers bought property at an auction, and then the parties disagreed about the scope of the renovations.

The investors designated the following facts as *undisputed*. After negotiations between the investors and the remodelers, investor Buchheim presented a purchase agreement for the investors to buy the property. Buchheim emailed the remodelers and said: "STOP FUCKING AROUND! [¶] YOU ARE ALLOWING US TO SUE AND A LOT MORE IF YOU DON'T SIGN!" The remodelers ultimately signed and Buchheim bought the property from them. As part of the purchase, a title company "wired $471,381.46" to the investors, "to pay off [the investors'] Note with interest."

The purchase agreement had a covenant not to sue. The investors say they were under economic duress when they bought the property and signed this covenant.

The investors sued. They claimed the remodelers never repaid the loans for the property.

The trial court granted summary judgment for the remodelers because their repayment with interest meant the investors had no damages, and the covenant not to sue barred the action.  The court entered a final judgment in favor of remodelers Valenzuela and Taglioli.  (Although the summary judgment involved all the remodelers, the trial court did not enter a final judgment as to remodelers Gustave Anaya and United Home Buyers of America, Inc. because they have a pending cross-complaint against the investors.  Gustave Anaya and the company therefore are not respondents in this appeal.)

We affirm because the investors establish no disputed facts about the damages issue.

We review an order granting summary judgment under the familiar standard.  (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 843, 850–851, 860.)

The investors' briefing is deficient.  Appellate briefs must support references to matters in the record by citing the volume and page number of the record where the matter appears.  (Cal. Rules of Court, rule 8.204(a)(1)(C).)  On review of a summary judgment, appellants have the burden affirmatively to demonstrate error.  (*Claudio v. Regents of the University of California* (2005) 134 Cal.App.4th 224, 230.)  This means appellants must identify a triable issue by citing the record.  (*Ibid.*)  Specifically, to establish a disputed fact, parties must point to *evidence* in the record.  (*Jackson v. County of Los Angeles* (1997) 60 Cal.App.4th 171, 178, fn. 4.)  Separate statements are not evidence, so citing a separate statement does not prove a disputed fact.  (*Ibid.*)

The investors have not met their burden to show the trial court erred when it found the investors suffered no damages.

This ground was an independent and adequate ground for summary judgment. The investors devote two pages of their opening brief to their argument on this issue. These pages neither cite nor describe the underlying evidence of disputed facts. Instead, the investors tell us to "[c]ompare" three pages of the renovators' motion for summary judgment with one page of their own opposition to summary judgment. The page of the investors' opposition cites a separate statement, which in turn cites deposition testimony. Neither the opposition nor the separate statement is evidence and they are insufficient to prove a factual dispute.

Citation deficiencies plague the brief. The investors' statement of fact section exclusively cites a few pages of their opposition. Again, this tactic for establishing a fact is improper.

The investors' reply does not redress these problems.

First, the investors contend their opening brief "provided extensive competent evidence of their damages." This is incorrect.

The investors' reply attempts to fix some problems, but it comes too late. The reply adds citations to evidence and develops arguments about the disputed facts for the first time. We need not and here we do not consider points raised for the first time in a reply brief. (*REO Broadcasting Consultants v. Martin* (1999) 69 Cal.App.4th 489, 500.) An opening brief is the proper place to provide citations and set forth arguments. This both promotes fairness to the opposing party and provides the appellate court with adequate briefing from both sides. The belated points in the reply are inadequate.

The investors' reply demonstrates the problems deficient briefing can create. For example, the reply discusses unpaid

architecture fees the investors say are evidence of damages. The investors offered no argument about architecture fees and no citations to evidence about these fees in their opening brief. Yet the investors complain the remodelers "*[i]gnored*" this evidence. This is backwards, for the *investors* failed to raise this issue. It was appropriate for the remodelers to omit what the opening brief treated as a nonissue.

As another example of the problem with waiting until the reply to cite evidence, the investors' reply cites evidence that contradicts facts they had deemed undisputed. The reply quotes deposition testimony of investor Luethi, who said, "We never got any money." Yet the investors' separate statement said it was "Undisputed" the investors were wired over $470,000. By offering this citation only in reply, the remodelers prevent the investors from discussing these conflicting stances.

The investors have not met their burden to show grounds for reversal of the summary judgment on the damages issue.

## DISPOSITION

We affirm the judgment and award costs to Olivia Anaya Valenzuela and Maria Anaya Taglioli.


WILEY, J.


We concur:



STRATTON, P. J.                    VIRAMONTES, J.



5